IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRITTANY MCDANIELS and TAJOHNNA JOHNSON, Individually and as Personal Representative of the Estate of Tarus T. Johnson, Deceased, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:17-CV-240-Z-BR |
| DONOVAN DEWAYNE ROSS, WERNER ENTERPRISES, INC., a Foreign Corporation and DRIVERS MANAGEMENT, LLC, a Foreign Corporation, | § § § § § § § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS**

On June 14, 2019, Defendants filed an Amended Motion for Final Summary Judgment (ECF No. 103) along with an appendix (ECF No. 104) and brief (ECF No. 105) in support. On January 22, 2020, the United States Magistrate Judge entered findings and conclusions on Defendants' Amended Motion for Final Summary Judgment (ECF No. 148). The Magistrate Judge RECOMMENDS that Defendants' motion be DENIED. On February 5, Defendants filed a Motion for Leave to Supplement Defendants' Appendix in Support of the Amended Motion for Final Summary Judgement and Brief in Support (ECF No. 150), an Appendix in Support of this motion (ECF No. 151), and Objections to the Findings, Conclusions, and Recommendation (ECF No. 152). On February 19, Plaintiff Brittany McDaniels ("McDaniels") filed a response to Defendants' objections (ECF No. 154). On the same day, Plaintiff Tajohnna Johnson ("Johnson") also filed a response to Defendants' objections (ECF No. 155).

After making an independent review of the pleadings, files, and records in this case, the findings, conclusions, and recommendation of the Magistrate Judge, Defendants' objections, and Plaintiffs' responses, the Court concludes that the findings and conclusions are correct. It is therefore ORDERED that the findings, conclusions, and recommendation of the Magistrate Judge (ECF No. 148) are ADOPTED and that Defendants' Amended Motion for Final Summary Judgment (ECF No. 103) is DENIED. It is further ORDERED that Defendants' Motion for Leave to Supplement Defendants' Appendix in Support of the Amended Motion for Final Summary Judgement and Brief in Support (ECF No. 150) is DENIED. The Court provides its reasons for this ruling below.

**I. SUMMARY OF CLAIMS**

This case is a consolidation of two prior cases. McDaniels sues Defendants Donovan Dewayne Ross ("Ross"), Werner Enterprises, Inc. ("Werner") for negligence, negligent entrustment, wrongful death, survival action, vicarious liability, and gross negligence. Johnson sues Ross, Werner, and Drivers Management, LLC ("DML") for negligence, vicarious liability, and gross negligence.

Defendants move for summary judgment on all of Plaintiffs' claims on two grounds. First, Defendants argue that Plaintiffs' claims are barred by the exclusive remedy provision of the Nebraska Workers' Compensation Act. Second, Defendants argue that Plaintiffs' request for reimbursement of Tarus Johnson's funeral expenses and Werner's payment of those expenses constituted a release of all claims against Defendants. The Magistrate Judge concluded that Defendants' second ground for summary judgment relied upon the success of the first ground, ECF No. 148 at 20–22, and Defendants did not contest this. Because the Court is unpersuaded by Defendants' first ground, it is not necessary to address their second ground in this Order.

**II. LEGAL STANDARD**

"[A] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material if it might affect the outcome of the lawsuit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* A court must view all summary judgment evidence in the light most favorable to the nonmovant. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

**III. ANALYSIS**

**A. Plaintiffs' Claims Against Werner and Ross**

Defendants argue that Plaintiffs' claims against Werner and Ross are barred by the exclusive remedy provision of the Nebraska Workers' Compensation Act ("NWCA"). Specifically, Defendants argue that (1) Tarus Johnson was an employer of Werner, (2) Werner is an employer covered under the NWCA, (3) as a result, Tarus Johnson's exclusive remedy is workers' compensation from Werner, and (4) Ross is also protected from liability because, as a co-employee of Tarus Johnson, he also is exempt from liability under the NWCA.

The Court disagrees. Instead, the Court ascertains that there is a genuine issue of material fact as to whether Tarus Johnson was employed by Werner. Consequently, it also determines that there is a genuine issue of material fact as to whether Ross was a co-employee of Tarus Johnson under Werner.

Both parties agree that Nebraska law governs the claims of Plaintiffs on which Defendants move for summary judgment. *See* ECF No. 117 at 14, ECF No. 122 at 18. Hence, the Court must examine and apply the NWCA. The NWCA serves as "an employee's *exclusive* remedy against

3

an employer for an accidental injury arising out of and in the course of employment." *Estate of Teague by & through Martinosky v. Crossroads Coop. Ass'n*, 834 N.W.2d 236, 243 (Neb. 2013) (emphasis added). "Therefore, an employee cannot normally maintain a negligence suit against his or her employer regarding an injury arising out of and in the course of employment; his or her sole remedy is a claim for workers' compensation." *Levander v. Benevolent, Protective Order of Elks of U.S. of Am.*, 596 N.W.2d 705, 709 (Neb. 1999). Additionally, "[t]he exemption from liability given an employer . . . shall also extend to all employees . . . ." Neb. Rev. Stat. § 48–111.

The NWCA also requires every covered Nebraska employer to "(a) insure and keep insured its liability under such act in some corporation, association, or organization authorized and licensed to transact the business of workers' compensation insurance in [Nebraska], (b) in the case of an employer who is a lessor of one or more commercial vehicles leased to a self-insured motor carrier, be a party to an effective agreement with the self-insured motor carrier . . . , (c) be a member of a risk management pool authorized and providing group self-insurance of workers' compensation liability . . . , or (d) with approval of the Nebraska Workers' Compensation Court, self-insure its workers' compensation liability." Neb. Rev. Stat. § 48–145(1).

The NWCA does not apply to claimants "in the absence of a clearly established employer-employee relationship." *Gebhard v. Dixie Carbonic*, 261 Neb. 715, 722, 625 N.W.2d 207, 212 (Neb. 2001). Under Nebraska's loaned servant doctrine:

> [I]f an employer loans an employee to another for the performance of some special service, then that employee, with respect to that special service, may become the employee of the party to whom his services have been loaned. . . . This common-law principle applies to cases arising particularly under the [NWCA] and allows an employee to be simultaneously in the general employment of one employer and in the special employment of another. Thus, the loaned employee not only remains the employee of the person who loaned him or her but also may be the employee of the person to whom he or she is loaned.

*Daniels v. Pamida, Inc.*, 561 N.W.2d 568, 571–72 (Neb. 1997) (citations omitted). A "special employer" becomes liable for a worker's compensation—and thus is covered by the NWCA—only if, among other things, "the employee has made a contract of hire, express or implied, with the special employer." *Id.* at 572.

"Whether a contract of hire is established is ordinarily a question of fact." *Kaiser v. Millard Lumber, Inc.*, 587 N.W.2d 875, 881 (Neb. 1999) (citations omitted). "An implied contract arises where the intention of the parties is not expressed but where the circumstances are such as to show a mutual intent to contract." *Id.* at 882 (citations omitted). This intention "is to be gathered from objective manifestations—the conduct of the parties, language used, or acts done by them, or other pertinent circumstances surrounding the transaction." *Id.* "The question whether the parties intended to contract is a factual one, not a legal one, and, except in the clearest cases, the question is for the finder of fact to resolve." *Gerhold Concrete Co. v. St. Paul Fire & Marine Ins. Co.*, 695 N.W.2d 665, 672 (Neb. 2005) (citations omitted). *See generally Thompson v. Syntroleum Corp.*, 108 F. Appx. 900, 902 (5th Cir. 2004) (citations omitted) ("While the issue of state of mind is not per se preclusive, summary judgment on this issue is discouraged because intent is a question of fact quintessentially within the province of the factfinder.")

Here, there is a genuine issue of material fact as to whether Tarus Johnson was employed by Werner. As the law cited above indicates, if Tarus Johnson was employed by Werner, then Werner would be covered under the NWCA. Plaintiffs' claims against Werner would then be barred by the exclusive remedy provision of the NWCA.

However, Defendants concede that the only way that Werner could have employed Tarus Johnson was as a special employer. *See* ECF No. 152 at 10–12 (agreeing with the Magistrate Judge's statement of the law and the applicability of the loaned servant doctrine to this case).

5

Consequently, as a special employer, Werner would be covered under the NWCA only if it made a contract for hire, express or implied, with Tarus Johnson. Tarus Johnson did not make any express contract for hire with Werner. Hence, the Court looks to whether he made an implied one.

Defendants cite almost four pages of evidence to establish "that an implied contract for hire existed between Tarus Johnson and Werner with their mutual intent shown through their conduct, language, actions, or other pertinent circumstances." ECF No. 152 at 12. While this evidence may serve Defendants well at trial, it is insufficient to meet its summary judgment burden. This is because the Service Contract between Werner and its subsidiary DML expressly states that "[a]ll drivers provided by DML [under the Service Contract] will be employees of DML for all purposes including, without limitation, federal and state withholding taxes, unemployment taxes, *workers' compensation insurance* and employee benefits." ECF No. 118 at 14 (emphasis added). The Service Contract also states that "DML shall, at its expense and to the extent such insurance is available, maintain the following insurance coverage throughout the term of this Agreement . . . : *Worker's compensation* and occupational disease insurance for all DML employees in accordance with the applicable law provided . . ." *Id.* at 15 (emphasis added).

The NWCA exempts from its statutory definition of "employer" an owner who contracts with a contractor in good faith when that owner requires the contractor to procure workers' compensation insurance for its employees. *See* Neb. Rev. Stat. § 48–116 (exempting from the statutory definition of "employer" "an owner who lets a contract to a contractor in good faith . . . , if the owner . . . requires the contractor . . . to procure a policy or policies of insurance from an insurance company licensed to write such insurance in this state, which policy or policies of insurance shall guarantee payment of compensation according to the Nebraska Workers' Compensation Act to injured workers").

Viewing this evidence in the light most favorable to Plaintiffs — the nonmovant — a reasonable jury could find that Werner is not an employer under the NWCA because the language of the Service Contract requires DML to carry workers' compensation for employees assigned under the Contract.[1] The Court therefore concludes that a genuine issue of material fact exists as to whether Werner was an employer of Tarus Johnson covered by the NWCA's exclusive remedies provision. Because a genuine issue of material fact exists as to whether Werner was a relevant employer in the first place, the Court also concludes that a genuine issue of material fact exists as to whether Ross was a co-employee of Tarus Johnson under Werner.

**B. Plaintiffs' Claims Against DML and Ross**

Defendants argue that Plaintiffs' claims against DML and Ross are barred by the NWCA based on the same reasoning and legal authorities discussed earlier. The Court, however, is not persuaded that Defendants have met their summary judgment burden.

Unlike Werner, DML was undisputedly an employer of Tarus Johnson under the NWCA. However, the exclusive remedy provision of the NWCA does not bar an employee's claims against an employer if that employer fails to carry workers' compensation insurance. *See Estate of Coe v. Willmes Trucking, L.L.C.*, 689 N.W.2d 318, 325 (Neb. 2004) ("But, if an employer subject to the [NWCA] fails to carry workers' compensation insurance or an acceptable alternative, then the

---

[1] To avoid this conclusion, Defendants compare the instant case to *Daniels*, where the Nebraska Supreme Court found that there was no genuine issue of material fact as to whether the defendant ("Pamida") was a special employer of the plaintiff ("Daniels"). However, in *Daniels*, the Nebraska Supreme Court also reached its finding on the ground that "Daniels had the right to refuse to report to any assignment [of work given by his general employer A-Help] as well as the right to terminate any assignment given. Daniels voluntarily went to work for Pamida and performed the tasks assigned to him." *Daniels*, 561 N.W.2d at 572. Because of this, it concluded that "[t]here is no question that Daniels had made at least an implied contract of hire with Pamida." *Id.* By contrast, in the instant case, Tarus Johnson received no discretion in rejecting assignments from DML. This is evident from his employment agreement with DML. *See* ECF No. 104 at 15 ("I understand that drivers are required to accept all loads assigned in the 48 contiguous United States and Canada as long as they have sufficient time to safely complete the delivery within the hours of service regulations. . . . I understand that Company Drivers are under forced dispatch and will run all 48 contiguous United States and Canada.").

7

[NWCA] is no longer the employee's exclusive remedy. Instead, the employee can elect to either proceed under the [NWCA] and recover the statutorily set benefits or seek to recover damages in a common-law action against the employer.").

Here, DML and Werner had agreed to maintain workers' compensation insurance in the Service Contract discussed above. *See* ECF NO. 118 at 15. However, DML did not obtain this insurance through a separate insurer, and Defendants concede that "DML has never been authorized by the Nebraska Workers' Compensation Court to operate as a self-insurer for worker's compensation benefits under the [NWCA]." ECF No. 104 at 45; *see also* ECF No. 105 at 16. This admission raises a genuine issue of material fact as to whether DML maintained workers' compensation insurance at the time of Tarus Johnson's accident.

Defendants move for leave to supplement their summary judgment filings in an attempt to provide evidence that DML may have maintained this insurance. ECF No. 150. The Court DENIES this motion, as the Magistrate Judge had already entered findings and conclusions on Defendants' motion for summary judgment when Defendants filed their motion for leave to supplement. Defendants have attempted to obtain summary judgment three times now, and they had ample time to anticipate the factual issues that could arise in this case and brief their arguments accordingly.

Moreover, Defendants' proffered evidence would not affect the outcome of this Order. Although the Court denies Defendants' motion for leave to supplement, the evidence contained in their contemporaneously filed appendix does not resolve the genuine issue of material fact raised by their earlier admission. The evidence in question consists of documents from Lorra T. O'Banion, a records officer at the Nebraska Workers' Compensation Court, and other documents bearing the seal of that court. ECF No. 151 at 4–9. However, the documents do not conclusively establish that DML was insured on March 12, 2016 — the date of Tarus Johnson's accident.

Rather, they constitute simply *some* evidence that DML was insured after October 29, 2015. Viewing these documents and the rest of the evidence in the light most favorable to Plaintiffs, a reasonable jury could conclude that DML did not maintain workers' compensation insurance given Defendants' earlier admission.

The Court therefore concludes that a genuine issue of material fact exists as to whether DML maintained workers' compensation insurance on the date of the accident. Consequently, the Court also concludes that a genuine issue of material fact exists as to whether Ross was a co-employee of Tarus Johnson under DML such that the NWCA would exempt him from liability.

### IV. Conclusion

For the reasons above, the Court concurs with the Magistrate Judge's analysis. It is therefore ORDERED that the findings, conclusions, and recommendation of the Magistrate Judge (ECF No. 148) are ADOPTED and that Defendants' Amended Motion for Final Summary Judgment (ECF No. 103) is DENIED. It is further ORDERED that Defendants' Motion for Leave to Supplement Defendants' Appendix in Support of the Amended Motion for Final Summary Judgement and Brief in Support (ECF No. 150) is DENIED.

**SO ORDERED.**

February 27, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE